## In re UNION GUARANTEE & MORTGAGE CO.

### No. 60268.

District Court, S. D. New York.

Aug. 27, 1934.

Harry Rodwin and Schurman, Wiley & Willcox, all of New York City (Jacob Gould Schurman, Jr., Harry Rodwin, Joseph Lapidus, and Irving H. Jurow, all of New York City, of counsel), for respondent.

Gifford, Woody, Carter & Hays, of New York City, for debtor.

PATTERSON, District Judge.

The Union Guarantee & Mortgage Company filed a petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207). The petition was opposed by George S. Van Schaick, as superintendent of insurance of the state of New York, who filed an answer. A hearing was held at which affidavits were received and oral testimony taken.

The relief afforded by the new section 77B may be availed of by any corporation "which could become a bankrupt under section 4 [section 22] of this title." By the familiar section 4, as amended by Act Feb. 11, 1932 (11 USCA § 22), any corporation may become a bankrupt "except a municipal, railroad, insurance, or banking corporation." The issue here is whether the petitioner is an "insurance corporation." If it is, the petition must be dismissed for lack of jurisdiction.

The Union Guarantee & Mortgage Company was organized in 1926 under the Insurance Law of New York (section 1 et seq. [Consol. Laws, c. 28]). It operated under that law in the usual way until August 2, 1933, when its business was taken over, for "rehabilitation," by the state superintendent of insurance. This was effected by an order of the Supreme Court of the state of New York, consented to by the company. The order recited that the company was "an insurance corporation" and was "doing the business of insurance." The state superintendent is still in control.

The business carried on has always been the sale of guaranteed first mortgages on real estate. The company made loans on bond and mortgage and sold the bonds and mortgages to customers; at the same time adding its guaranty as to principal and interest. The guaranty was represented by a written instrument denominated a "policy," in which the assignee of the mortgage is referred to as "the assured," and under which the company is entitled to retain a portion of the interest on the mortgage as a "premium" for its guaranty. For the most part, mortgages were sold and guaranteed as an entirety to single investors. To a limited extent, however, certificates representing shares of mortgages were issued and sold; the certificates likewise being guaranteed for their face amount and interest. In a few instances the company guaranteed for a fee mortgages which had not been originated by it. The income of the company came from three principal sources: Interest on mortgages owned by it, premiums for mortgage guaranties, and fees for loans made.

The company has at all times conformed to the statutes of New York relative to insurance corporations. It has always submitted to supervision by the state superintendent. In its income tax returns, both state and federal, it has consistently described its business as that of insurance.

From these facts the conclusion is inevitable that the company is an insurance corporation. The guaranteeing of mortgages is a type of insurance. Bowers v. Lawyers' Mortgage Co., 285 U. S. 182, 52 S. Ct. 350, 76 L. Ed. 690; United States v. Home Title Insurance Co., 285 U. S. 191, 52 S. Ct. 319, 76 L. Ed. 695. The guaranty of mortgages was the company's chief activity; the acquisition and holding of mortgages being no more than profitable incidents to the guaranty business. Down to the time when it filed this petition, the company always acknowledged that its business was that of an insurance corporation. A formal declaration to that effect was made in the very order under which the state superintendent took over possession of its assets and control of its business.

The petitioner's entire argument is built on Bowers v. Lawyers' Mortgage Co., supra. There is a resemblance between the two cases, but it is more superficial than real. The issue there was whether the Lawyers' Mortgage Company was an insurance company within the meaning of the Revenue Act; it contended that it was an insurance company, and so was subject to income tax on a basis different from that of other corporations. The Supreme Court held that it was not an insurance company under the Revenue Act. It was observed that, while the income from the mortgage guaranties was from an insurance business, a much larger part of the corporate income was derived from lending fees and extension fees, which did not constitute insurance. In the instant case the reverse is true. The petitioner's income from the guaranty business for the past five years had been considerably greater than the income from lending fees. It is therefore unnecessary to determine whether the insurance company referred to in the Revenue Act is identical to the insurance corporation excluded from the Bankruptcy Act.

There is a further consideration in this case. The petitioner's creditors are the persons who purchased the mortgages and certificates bearing its guaranty. To these persons it was held out that the guaranty was that of an insurance company, a corporation subject to the New York Insurance Law, with statutory restrictions as to the amount that might be loaned on any parcel of real estate in relation to the value of the property, and with the assurance that; in case of difficulty, the company's affairs would be managed, not by receivers or trustees in bankruptcy, but by the state superintendent of insurance. Under these conditions, the mortgages and certificates were purchased and the guaranty taken. Justice requires that these conditions be respected and that the control of the state officer be left undisturbed.

The petition will accordingly be dismissed for lack of jurisdiction.